Matter of the Estate of THERON R. BUTLER, Deceased.

(Surrogate's Court, New York County, February, 1919.)

Trusts — increase in market value of stock is principal — meaning of "net income"— value of right to subscribe to new stock is capital — wills.

The increase in the market value of stock constituting part of a trust fund, between the date of the creation of the trust and the sale of the stock by the trustee, constitutes principal and not income.

A residuary estate consisting in part of certain railroad stock of the then value of $109.90 a share, was given to the executor in trust to invest with direction to pay yearly a certain part of the "net income" to testator's wife, the balance thereof to his daughter and in the event of her predeceasing her mother, all of said balance was to be paid to the children of the daughter. The will also provided that upon the death of testator's wife the residuary estate should be kept invested during the life of his daughter and the "net income" paid to her. *Held*, that by the direction as to the payment of the "net income" testator intended the regular dividends then being paid or thereafter to be paid on the stock, and that he did not intend that any increase in its value due to accumulated profits should go to the life beneficiaries.

An agreement for the consolidation of the railroad company, with other companies, entered into twenty years after the death of the testator, became effective without the consent of the testamentary trustee, who sold the stock held as part of the trust fund for $500 a share. *Held*, that the consolidation did not effect a distribution of assets among the stockholders of the corporation, including profits or accumulation, but was rather a substitution of an interest in the consolidated company for the old interest in the corporation, the stock of which was sold by the trustee.

The value of the right to subscribe to a new issue of corporate stock is capital and not income.

OBJECTIONS to report of a referee.

Stewart & Shearer (George L. Shearer, of counsel), for accounting trustee.

Charles P. Howland and Herbert K. Stockton, for life tenants.

Surrogate's Court, New York County, February, 1919. [Vol. 106.

. COHALAN, S. The exceptions to the report of the referee bring up for review his finding that the amount received by the trustee upon the sale of 2,100 shares of stock of the Lake Shore and Michigan Southern Railroad Company, held by it as part of the trust estate, should be apportioned between principal and income, so that $124.51 of the price realized upon the sale of each share of stock should go to the life beneficiaries.

The testator died on January 19, 1884, and on February 4, 1884, letters testamentary were issued to the executor named in his will. At the time of his death he was the owner of 2,100 shares of stock of the Lake Shore and Michigan Southern Railroad Company. This stock constituted part of his residuary estate, which he gave to his executor in trust. The stock was held by the trustee until December 15, 1914, when it was sold by the trustee for $500 a share. At the time the trust was created the value of the stock was $109.90 a share.

Upon the accounting of the trustee a question arises between the life beneficiaries and the remaindermen as to the ownership of the difference between the value of the stock at the date of the creation of the trust fund and the price realized upon its sale by the trustee.

In controversies of this kind the first thing to be ascertained is the intention of the testator as expressed in his will. *United States Trust Co.* v. *Heye,* 224 N. Y. 253. In the matter under consideration the testator, in the second paragraph of his will, gave his residuary estate to his executor in trust, to invest and keep invested " so that the same shall produce an income," and to pay his wife $25,000 per annum, and the " balance of the net income " to be paid to his daughter. He further directed that in the event of his daughter predeceasing his wife, then the whole of the

balance " of the net income " was to be paid to the children of his daughter. In paragraph 6 he provided that upon the death of his wife the residuary estate should be kept invested during the life of his daughter, and the " net income " paid to her during her life. Nowhere in the will does he direct that the income, issues and profits from the trust fund be paid to the life beneficiaries. He repeatedly directs that the *net income* shall be paid to the life beneficiaries.

For some time prior to his death the stock owned by him in the Lake Shore and Michigan Southern Railroad Company paid a regular dividend, and it continued to pay such dividend after his death until the date of consolidation hereinafter referred to. It seems to me, therefore, that the testator, in directing that the net income from his residuary estate be paid to the life beneficiaries, contemplated and intended the regular dividends then being paid or thereafter to be paid on the stock, and that he did not intend that any increase in the value of the stock due to accumulated profits should go to the life beneficiaries.

On April 29, 1914, an agreement of consolidation was entered into between the New York Central and Hudson River Railroad Company, the Lake Shore and Michigan Southern Railroad Company and other railroad companies that were then owned or controlled by the New York Central. The agreement provided that " whereas, it is desired to consolidate the said companies into one corporation and to vest in and convey to such consolidated corporation the railroads, property and franchises of the consolidating corporations," the latter corporations severally sell and assign to the consolidated corporation their respective railroads, together with all the rights, franchises and other property used in connection therewith. The agreement further provided that stockholders of the

Surrogate's Court, New York County, February, 1919.   [Vol. 106.

Lake Shore and Michigan Southern Railroad Company of the class to which the trustee herein belonged, should be entitled to receive five shares of the stock of the consolidated company for each share of stock of the Lake Shore and Michigan Southern Railroad Company held by them at the time the consolidation became effective. The trustee herein refused to consent to the consolidation, and although it became effective without its consent, the shares of stock of the Lake Shore and Michigan Southern Railroad Company held by it as part of the trust fund created under the will of the testator were sold by it on December 15, 1914, for $500 a share. This sale was consummated a short time after proceedings had been commenced by the trustee under the laws of Ohio for an appraisal of the shares of stock of the Lake Shore and Michigan Southern Railroad Company held by it. It is contended by the life beneficiary that the consolidation of the Lake Shore and Michigan Southern Railroad Company and the New York Central and Hudson River Railroad Company and their subsidiary companies, and the agreement to give five shares of the stock of the consolidated company for each share of the Lake Shore and Michigan Southern Railroad Company, constituted a distribution or division of the earnings, profits and accumulations of the corporation. It seems to me that the consolidation did not effect a distribution among the stockholders of the Lake Shore and Michigan Southern Railroad Company of the assets of that company. There was not a distribution of assets, including profits or accumulations, but rather a substitution of an interest in the consolidated company for the old interest in the Lake Shore and Michigan Southern Railroad Company. The right of stockholders of the Lake Shore and Michigan Southern Railroad Company to receive five shares of the consoli-

Misc.]   Surrogate's Court, New York County, February, 1919.

dated company for each share of the Lake Shore and Michigan Southern Railroad Company held by them, approximated more closely to the right of a stockholder to subscribe to a new issue of stock than it did to an extraordinary dividend; and it. has been held that the value of the right to subscribe to a new issue of stock is capital and not income. *Baker* v. *Thompson,* 224 N. Y. 592. No case has been brought to my attention which holds that the increase in the market value of a stock constituting part of a trust fund, between the date of the creation of the trust and the sale of such stock, should be apportioned between principal and income in the proportion which undivided profits contributed to the increased value of the stock. In the recent case of *United States Trust Co.* v. *Heye, supra,* it was said that: " While the corpus of the fund may not be depleted, yet the corpus may accumulate or increase, and until there is some division in the nature of a dividend payable out of accumulated earnings or profits, there is nothing that can be awarded as income to beneficiaries."

In the matter under consideration no extraordinary dividend was declared; the company was not dissolved and its assets distributed among the stockholders. There was merely a sale of the stock, and the fact that the price realized for such sale was considerably in excess of the value of the stock at the time of the creation of the trust does not, it seems to me, afford any justification for the contention that so much of the increase in value as was due to accumulated profits should be paid to the life beneficiaries. It seems to me that it would be inadvisable to extend the principle of apportionment between income and principal to cases where the stock constituting part of the trust fund increased in value between the date of the creation of the trust fund and the date of sale of such

stock. It was expressly denied in the old cases (*Stewart* v. *Phelps,* 71 App. Div. 91; affd., 173 N. Y. 621, and *Matter of Rogers,* 161 id. 108), and does not seem to have been sanctioned by the recent decisions of the appellate courts. Therefore, as it seems to me that it was the intention of the testator that only net income received from the trust estate in the form of regular dividends should be paid to the life beneficiaries, and, further, that the consolidation of the Lake Shore and Michigan Southern Railroad Company and the New York Central and Hudson River Railroad Company was not a distribution or division of assets among the stockholders, I will hold that the increase in the value of the stock of the Lake Shore and Michigan Southern Railroad Company held by the trustee as part of the trust estate constitutes principal and not income. I will therefore overrule the referee's conclusions of law Nos. 1, 2, 3, 5, 6 and 7. I will also overrule the objections to the account of the trustee.

Decreed accordingly.